**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



_____
Mary Ann Whipple
United States Bankruptcy Judge

**Dated: September 11 2009**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 09-33511 |
| | ) | |
| William H. Dailey, | ) | Chapter 7 |
| | ) | |
| Debtor(s). | ) | Adv. Pro. No. 09-3111 |
| | ) | |
| Jeannine Dailey, | ) | Hon. Mary Ann Whipple |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| William H. Dailey, | ) | |
| | ) | |
| Defendant(s). | ) | |

**ORDER DENYING MOTION TO ADD A PARTY**

This adversary proceeding is before the court upon Plaintiff's Motion to Join a Party [Doc. #10] filed on September 10, 2009. The party Plaintiff seeks to add "as a Third Party Defendant to this action" is Attorney Sharon Griffin.

Plaintiff filed her "Complaint to Determine Dischargeability of a Debt Instanter, for

Declaratory Judgment, and Other Relief" ("Complaint") on June 19, 2009. The only party named in the Complaint and served with process was Defendant William H. Dailey, who is also the Debtor in the underlying Chapter 7 case. Plaintiff sought a determination against Defendant that debts arising out of a state court domestic relations proceeding were nondischargeable. On September 3, 2009, the court entered an agreed judgment entry between the only two parties to the adversary proceeding as joined by the pleadings. The court construed and construes that consent order as a final judgment on the Complaint that ends the litigation. There is nothing left to which to join a party to litigate.

Even if the adversary proceeding were not resolved by the September 3, 2009, agreed entry, this court lacks jurisdiction to make the determination requested. The motion, as did the prayer for relief in the Complaint that has merged into the agreed order, purports to have this court decide who is entitled to only a $917 portion of a total of $1,984.00 in funds deposited in the escrow account of counsel pursuant to the state court divorce decree between Plaintiff and Defendant/Debtor. The motion disclaims any interest of the Chapter 7 Trustee in the $917 which Plaintiff wants this court to direct to be paid out. The Chapter 7 Trustee has in fact filed a no asset report in the underlying Chapter 7 case and has not sought or been sought to be joined as a party. The distribution of these funds thus will not have any impact on the Defendant's bankruptcy estate. The issue of distribution of $917 of the escrowed funds is not a case under title 11, does not arise under title 11 since it does not require any reference to any provision of title 11 to resolve, does not arise in a case under title 11 but in a state court domestic relations action and is not related to a case under title 11 because distribution of the funds will have no impact on the bankruptcy estate. *See* 28 U.S.C. § 1334(a),(b). The motion asks the bankruptcy court to interpret and apply a state court divorce decree beyond the now-determined dischargeability issue, which was not committed to the exclusive jurisdiction of this court in any event, *see* 11 U.S.C. § 523(c). There is no jurisdictional basis shown for this court to

decide who is entitled to the $917 portion of the escrow account specified in Plaintiff's motion to join a party.

Based on the foregoing alternative reasons and authorities,

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Join a Party [Doc. #10] is **DENIED.**